# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MARYLAND
### BALTIMORE DIVISION

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, as and for its Board of Trustees and the International Painters and Allied Trades Industry Pension Plan; <br> TIM D. MAITLAND, in his official capacity as a fiduciary <br> 7234 Parkway Drive <br> Hanover, MD 21076 <br><br> Plaintiffs <br><br> v. <br><br> DAVIDSON'S PAINTING AND WALLCOVERING, INC., <br> a dissolved Ohio company <br> 45223 Metz Road <br> Columbiana, OH 44408 <br><br> JEFF DAVIDSON PAINTING, LLC <br> 45223 Metz Road <br> Columbiana, OH 44408 <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. |

## **COMPLAINT**

Plaintiffs, the International Painters and Allied Trades Industry Pension Fund ("Pension Fund") as and for its Board of Trustees, and Tim Maitland ("Maitland"), in his official capacity as a fiduciary, by and through their undersigned counsel, bring this Complaint against Defendants, Davidson's Painting and Wallcovering, Inc. and Jeff Davidson Painting, LLC ("Defendants").

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action without regard to the amount in controversy under 29 U.S.C. § 1451(c).

2. A copy of this Complaint has been served, by certified mail, on the Pension Benefit Guaranty Corporation pursuant to 29 U.S.C. § 1451(g).

**VENUE**

3. Venue lies in this district pursuant to 29 U.S.C. § 1451(d), as the International Painters and Allied Trades Industry Pension Plan is administered from the Pension Plan's offices, maintained in this district at the address set forth in the caption.

**PARTIES**

4. The Pension Fund is a trust fund established under 29 U.S.C. § 186(c)(5). It sues in its common name both for its Trustees, who collectively are the "named fiduciary," "plan administrator," and "plan sponsor," and each individually are a "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan"). The Pension Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. § 1002(37), (2), (3), and 1301(a)(3). The Pension Fund, its Trustees and the Pension Plan all maintain their principal place of business at, and the Pension Plan is administered from, an office at the address set forth in the caption of this Complaint. The Fund and its Trustees are adversely affected by the acts or omissions of Defendants as described in this Complaint.

5. Plaintiff Maitland is the Administrator of the Pension Fund and a fiduciary and a plan participant within the meanings of 29 U.S.C. §§ 1002(21) and 1451(a), who is charged with

the responsibility for collection of withdrawal liability for the Pension Plan by the Trustees of the Pension Fund and, as such, is adversely affected by the acts or omissions of Defendants as described in this Complaint.

6. Plaintiffs, in their capacity as authorized fiduciary(ies) and agent(s) of the Pension Plan, sue for and on its behalf.

7. The Employer had an obligation to contribute to the Pension Plan within the meaning of 29 U.S.C. § 1392(a), on or after January 1, 2002.

8. The Pension Fund pays pension and retirement benefits to qualified participants in the Pension Plan. According to Pension Fund records, the Pension Plan provides pension and retirement benefits to more than 3,500 active and retired IUPAT members and their families throughout Ohio, including former employees of Davidsons Painting and Wallcovering, Inc. and Jeff Davidson Painting, LLC.

9. Defendant, Davidson's Painting and Wallcovering, Inc. ("Davidson's Painting" or "Contributing Business") was a registered Ohio corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12). Davidson Painting failed to file necessary corporate franchise tax reports in 2007 and was dissolved by the Ohio Secretary of State in 2011.

10. Defendant Jeff Davidson Painting, LLC ("Jeff Davidson Painting" or "Control Group") is an Ohio corporation under common control with the Contributing Business within the meaning of 29 U.S.C. § 1301(b) with a business office at the address listed in the caption of this Complaint.

11. The Contributing Business and Control Group constitute a single employer

(jointly or severally, "Employer"), as defined by 29 U.S.C. § 1301(b).

12. Defendant Davidson's Painting, owned by Marilyn J. Davidson, ceased contributions to the Pension Fund in 2009.

13. Defendant Jeff Davidson Painting, owned by Jeffrey A. Davidson, was formed the same year. Upon Plaintiffs' information and belief, Jeffrey A. Davison is the husband of Marilyn J. Davidson.

14. The Pension Fund demanded payment of withdrawal liability on April 22, 2019 with copies to the Control Group as indicated on the letter ("Notice"). A true and correct copy of the Notice is attached hereto as Exhibit 1.

15. Employer failed to timely request review of the determinations set forth in the Notice, as set forth under 29 U.S.C. § 1399(b).

16. Employer failed to timely seek arbitration of the determinations set forth in the Notice, in accordance with 29 U.S.C. § 1401.

17. As a result of the failure to timely request review or seek of the determinations set forth in the Notice, the withdrawal liability payment demand and its arbitrable determinations are now final, and the liability is due and owing from the Employer, as mandated by 29 U.S.C. § 1401(b)(1).

18. All conditions precedent to this action have been satisfied.

**COUNT I – COLLECTION OF WITHDRAWAL LIABILITY PAYMENTS**

19. Plaintiffs incorporate paragraphs 1 through 18 by reference as if fully restated herein.

20. By the Notice attached as Exhibit 1, the Trustees of the Pension Fund informed

the Employer of its determination that it had withdrawn from the Pension Plan within the meaning of 29 U.S.C. § 1383(a) or 29 U.S.C. § 1385, notified them of its liability under 29 U.S.C. §§ 1381 and 1399, and demanded payment as provided by 29 U.S.C. §§ 1382 and 1399(b)(1).

21. The Employer has not paid withdrawal liability as required by the Notice, the rules of the Pension Plan, and applicable law, including 29 U.S.C. § 1399.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Contributing Business and Control Group, jointly and severally, in favor of Plaintiffs for the benefit of the Pension Fund, for:

(a) the withdrawal liability payments due and owing as of the date of this Complaint and all additional withdrawal liability payments that become due during the pendency of this action and before the date of any judgment against the Contributing Business and Control Group and in favor of Plaintiffs for the benefit of the Pension Fund;

(b) interest on the withdrawal liability payments identified in subparagraph 1(a), set forth immediately above, at the rates established under 29 U.S.C. §§ 1451(b), 1132(g)(2)(B), and 26 U.S.C. § 6621, and calculated from the omitted payment due date to the date of actual payment;

(c) liquidated damages equal to the greater of twenty percent (20%) of the withdrawal liability payments identified in subparagraph 1(a), set forth above, as applied under the Pension Plan to unpaid contributions and withdrawal liability, or an amount equal to the interest under subparagraph (b), immediately above, as provided for by 29 U.S.C. §§ 1451(b) and 1132(g)(2)(C); and

(d) the costs of this action and reasonable attorney's fees incurred in prosecution of this action and collection of any judgment, as provided for by 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D).

(2) Compel the Employer's disclosure of any other trades or businesses under common control within the meaning of 29 U.S.C. §§ 1301(b) and 1398; join any other such trades or businesses to this action and award Plaintiffs the relief requested in Paragraphs (1) and (2) against them jointly and severally, as well.

(3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - FUTURE PAYMENTS INJUNCTION

22. Plaintiffs incorporate Paragraphs 1 through 21 by reference as if fully restated herein.

23. The Employer has an obligation to make future payments toward withdrawal liability as detailed in the Notice attached as Exhibit 1.

24. Absent relief on a default, the remedy at law for the Pension Plan and Plaintiffs is inadequate and all other conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter a declaratory judgment and enjoin the Contributing Business and Control Group, jointly and severally, and any other trades or businesses under common control with them for purposes of 29 U.S.C. § 1301(b), and their officers, agents, servants, employees, attorneys and all others in active concert or participation with them to make future payments as set forth and scheduled in the Notice attached as Exhibit 1.

(2)   Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

### COUNT III - COLLECTION ON DEFAULT

25.   Plaintiffs incorporate Paragraphs 1 through 24 by reference as if fully restated herein.

26.   By the letter dated September 5, 2019 ("September 5 Letter"), the Trustees of the Pension Fund notified the Employer of the failure to make, when due, its scheduled payments toward withdrawal liability due to the Pension Plan. A true and correct copy of the September 5 Letter is attached hereto as Exhibit 2.

27.   The Employer failed and/or refused to make any payment towards its withdrawal liability, either within sixty (60) days of the September 5 Letter, or through to the present date.

28.   Under 29 U.S.C. § 1399(c)(5), failure to cure a default in payment by payment of all accrued and unpaid installments, with interest, allows the Trustees of the Pension Fund to accelerate payment of the withdrawal liability.

29.   By the September 5 Letter, this complaint or otherwise, the Pension Fund and its Trustees have declared a default, notified the Employer of same, and demand immediate payment of the full present value of the Employer's total withdrawal liability.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)   Enter judgment against the Contributing Business and the Control Group, jointly and severally, in favor of Plaintiffs for the benefit of the Pension Fund for:

   (a)   the outstanding amount of withdrawal liability;

   (b)   interest on the outstanding amount of withdrawal liability at the rates

7

established under 29 U.S.C. §§ 1451(b), 1132(g)(2)(B) and 26 U.S.C. § 6621, and calculated from the initial payment due date of the first omitted payment to the date of actual payment;

   (c) liquidated damages equal to the greater of twenty percent (20%) of the outstanding amount of withdrawal liability, as applied under the Pension Plan to unpaid contributions and withdrawal liability and allowed by the law of Maryland, or an amount equal to the interest calculated under (subparagraph (1)(b)), immediately above, as provided for by 29 U.S.C. §§ 1451(b) and 1132(g)(2)(C); and

   (d) the costs of this action and reasonable attorney's fees incurred in prosecution of this action and collection of any judgment, as provided for by 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D).

  (2) Compel the Employer's disclosure of any other trades or businesses under common control within the meaning of 29 U.S.C. §§ 1301(b) and 1398; join any other such trades or businesses to this action; and award Plaintiffs the relief requested in Paragraphs (1) and (2) against them jointly and severally, as well.

  (3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

              Respectfully submitted,

              JENNINGS SIGMOND, P.C.

Date: <u>March 12, 2020</u>        /s/ <u>James E. Goodley</u>
              JAMES E. GOODLEY
              Bar Id. 18911
              1835 Market Street, Suite 2800
              Philadelphia, PA 19103
              jgoodley@jslex.com
              Phone: (215) 351-0613
              Fax: (215) 922-3524

                    MARC L. GELMAN*
                    Jennings Sigmond, P.C.
                    1835 Market Street, Suite 2800
                    Philadelphia, PA 19103

                    *Attorneys for Plaintiffs*

\* Application for Pro Hac Admission may be made at an appropriate time